UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CORRIE SINGLETON, | ) | |
| # R31219 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-cv-01301-MMM-JEH |
| | ) | |
| GREGORY TANGMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PAVEY HEARING and AMENDED ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on an evidentiary hearing pursuant to *Pavey v Conley,* 663 F.3d 899, 904 (7th Cir. 2011). Defendant, ANDREW TILDEN, M.D., had filed a Motion for Summary Judgment [ECF 28] claiming that Plaintiff failed to exhaust his administrative remedies, prior to filing this § 1983 action, as required by the Prison Litigation Reform Act. Defendants RICHARD ALLEN, JOHN BIRKEL, JAMES BLACKARD, KRISTI ESHELMAN, JOHN GARLICK, EDWARD LEWIS, BRIAN MAIER, DALE SCROGUM, WILLIAM SHELTON, DEREK SMITH and GREGORY TANGMAN subsequently filed a similar motion [ECF 35]. Plaintiff had responded to both Motions for Summary Judgment alleging that remedies were not available to him. [ECF 38]. The Court entered Orders on Motions for Summary Judgment [ECF 44, 45], denying Defendants' Motions and setting the matter for *Pavey* hearing.

The Court, after having conducted an evidentiary hearing with the parties present, FINDS that Plaintiff did not have the opportunity to exhaust administrative remedies as to Defendants ALLEN, BIRKEL, BLACKARD, GARLICK, LEWIS, MAIER, SCROGUM, SHELTON,

1

SMITH TANGMAN and TILDEN and reaffirms the Court's Order denying the Motions for Summary Judgment [ECF 44, 45] as to these Defendants. The Court, however, FINDS that Plaintiff's grievances did not identify Defendant KRISTI ESHELMAN and that Plaintiff did not exhaust his remedies as to this defendant. The Court, accordingly, AMENDS its ORDER on Motion for Summary Judgment [ECF 45], finding there was no exhaustion of remedies as to Defendant ESHELMAN and directs the Clerk to DISMISS her from this case.

## BACKGROUND

Plaintiff filed an Amended Compliant on October 25, 2013 alleging: excessive force by Defendants Lewis and Allen; a state law claim of battery as to Defendant Allen; failure to intervene as to Defendants Lewis, Tangman, Maier, Shelton, Scrogum, Birkel, Eshelman, Garlick, Smith and Blackard; retaliation as to Defendants Birkel, Eshelman, Garlick, Tilden and Martens; deliberate indifference on the parts of Defendants Birkel, Eshelman, Garlick, Tilden and Martens; and a due process violation by a John Doe corrections officer.

On May 10, 2012, Plaintiff, Corrie Singleton, was an inmate at the Pontiac Correctional Center. He claims that on that date staff attempted to forcibly extract him from his cell after he had denied a direct order. Plaintiff claims that during the extraction he was battered, subjected to excessive force, subjected to retaliation by being restrained in 4-point restraints, injected with an unknown medication in violation of his due process rights and treated with deliberate indifference to his serious medical needs.

On June 4, 2012 Plaintiff was transferred to the Tamms Correctional Center. It appears that, while at Tamms, Plaintiff filed two grievances related to the conduct at issue. One was filed

September 25, 2012 and the other September 27, 2012. These grievances were denied as untimely since they had not been filed within 60 days of the alleged event. 20 Ill. Admin. Code § 504.810 [ECF 36 Ex. B p 24-25, 10-12]. Plaintiff claimed in his Response to Motions for Summary Judgment, however, that he had filed an earlier, 5/20/2012 grievance to which he had never received a response. It is Plaintiff's position that he could not exhaust as remedies were not available to him [ECF 38 pp. 2-3].

## EVIDENCE AT HEARING

The Plaintiff testified via video from the Pontiac Correctional Center. Attorney John Hoelzer was present for defendant, Dr. Andrew Tilden and Attorney Bradley Gillespie was present for the remaining defendants. The Plaintiff, Corrie Singleton, was called to testify and was duly sworn in. Mr. Singleton testified that he was familiar with the grievance process having filed "numerous" grievance in the past. He was aware that an inmate was required to first discuss the grievance with his counselor and then, if not satisfied, to submit the grievance to the grievance officer. Plaintiff testified that he had drafted a grievance, spoken with counselor Jeff Eilts and, on May 20, 2012, handed Eilts the grievance. Plaintiff stated that he never received a reply and was transferred to the Tamms facility about two weeks after having given the grievance to Eilts.

Mr. Singleton testified that he attempted to determine the status of his grievance about one week after his arrival at Tamms. At that time, he spoke with a female Tamms counselor who told him that he would have to wait for Pontiac to forward the reply to Tamms. Plaintiff testified that he never received a reply from either Eilts or Patrick Hastings, the Pontiac Grievance Officer. When Plaintiff again spoke with the Tamms counselor she allegedly told him that he could file directly with the Administrative Review Board, ("ARB"). Plaintiff, however, testified

3

that he knew this not to be the case because if an inmate forwards a grievance to the ARB before receiving a decision from the institution at which it was filed, the ARB will "moot out" the grievance.

When a reply to the grievance was not forthcoming Plaintiff directed a September 25, 2012 letter to the IDOC Director, Salvador Godinez, complaining that his grievance had gone unanswered. On September 25, 2012 and September 27, 2012, Plaintiff filed additional grievances on the matter. These grievances were returned by the ARB as untimely and were not considered on the merits.

Plaintiff was cross examined by attorney Gillespie who pointed out that Plaintiff had testified in court that he handed the grievance to Eilts on May 20, 2012 while in the Affidavit filed with his original Complaint, he claimed to have given the grievance to Eilts on May 17, 2012. Upon cross examination Plaintiff admitted that he had not kept a copy of the May 20, 2012 grievance he had given to Eilts. He did not see Eilts again as he was transferred to Tamms shortly thereafter and did not have an opportunity to inquire of him as to the status of the grievance. Plaintiff testified under cross examination that the September 27th grievance was identical to the May 20th grievance which he had submitted to counselor Eilts, with the exception that the later grievance referred to the earlier one.

Plaintiff was cross examined by attorney Hoelzer who noted that Plaintiff had filed exhibits prior to the hearing [ECF 52], which included a copy of the September 25, 2012 letter he had directed to Director Godinez. In that letter Plaintiff claimed that Eilts had responded to his grievance, that Plaintiff had subsequently forwarded the grievance to Grievance Office Hastings and it was Hastings who had not provided a response. Plaintiff explained that at the time he wrote the Director he had confused two different grievances. The one to which Eilts had

4

responded and Hastings had not, was a different grievance concerning mental health treatment. Plaintiff affirmed that Eilts had never responded to the May 20, 2012 grievance at issue. Mr. Hoelzer asked whether Plaintiff had filed the September 27, 2012 grievance in an effort to reallege the allegations of the "lost" May 20, 2012. Plaintiff initially answered, "No" but then added that the September 27th grievance was identical to the May 20th grievance with the exception that the later grievance referred to the earlier one.

Patrick Hastings, Pontiac Grievance Officer was called by Mr. Gillespie and testified by video. The witness testified that he has been a grievance officer at Pontiac for seven or eight years. Pontiac maintains a grievance log, and an emergency grievance log for each inmate. Mr. Hastings referred to Plaintiff's log explaining that log entries identify the subject of the grievance, assign it a number, contain the inmate's identification number, the dates of receipt and response, and the grievance officer's recommendations. Hastings testified that he enters into the log all of the grievances which he receives. If an inmate sends him a grievance which has not had prior review by the counselor, Hastings returns the grievance to the inmate for follow-up. Hastings testified that he had reviewed Plaintiff's 2012 and 2013 logs and found no May 20, 2012 grievance. He testified, further, that if he had received Plaintiff's May 20, 2012 grievance, it would have been entered into the grievance log.

Mr. Hoelzer asked Mr. Hastings whether it is the case that an inmate may not forward to the ARB a grievance which is still pending at the institution from which the inmate was transferred. The witness answered only that the institution at which the grievance was pending would forward a response to the facility to which the inmate had been transferred.

The Plaintiff asked the witness whether counselors are required to review and return inmates' grievances within a certain timeframe. Mr. Hastings indicated that there was no such

5

timeframe though counselors were expected to respond "in a timely fashion". Hastings acknowledged that it can sometimes take months for the counselors to respond though, in his experience, it generally does not take more than 90 days. The Plaintiff asked whether the ARB would moot a grievance forwarded to it, if that same grievance were already pending at the institution at which the inmate had previously been housed. The witness replied that the inmate is supposed to wait for a response from the institution at which the grievance was filed.

Attorney Hoelzer called Counselor Eilts to testify. Mr. Eilts testified that he had been a counselor at Pontiac for approximately four years. As part of his responsibilities he receives grievances from inmates, reviews them and returns to the inmate with his recommendations. The inmate may, thereafter, forward the grievance to the grievance officer. The witness had no independent recollection of receiving a grievance from Plaintiff in May 2012. He testified that if he had received the grievance, he would have processed it. Attorney Hoelzer referred Mr. Eilts to Plaintiff's Amended Complaint [ECF 13]. This contained an Affidavit from another inmate, Donnie White, which alleges that Eilts told White he had thrown away Plaintiff's May 2012 grievance. Mr. Eilts denied that this had happened calling White's statement "

a complete fabrication".

Upon cross examination by Plaintiff, Mr. Eilts explained that the counselors do not keep a log of the grievances they receive. Log records are only kept once the grievance is forwarded to the grievance officer. The Plaintiff asked the witness whether the ARB would moot a grievance if that same grievance were pending at the institution from which the inmate had been transferred. The witness testified that he did not know.

Testimony was closed and the parties rested. Plaintiff and defense counsel presented closing arguments to the Court.

**OPINION**

Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). As an inmate in custody, Plaintiff was required to follow the grievance procedures described in the regulations of the Illinois Department of Corrections Grievance Procedures for Offenders. 20 Ill. Adm. Code Section 504.800, *et seq.* The failure to exhaust administrative remedies, however, is an affirmative defense and the burden of proof rests on Defendants. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Inmates must exhaust only those remedies available to them. *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). A remedy becomes "unavailable" if prison officials fail to respond to inmate grievances. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

The Court found credible the testimony of Plaintiff and the witnesses Jeff Eilts and Patrick Hastings. The Court finds, however, that defendants failed to carry their burden that Plaintiff had the opportunity, but failed to exhaust his administrative remedies. The Court finds that it is more probably true than not that Plaintiff filed a grievance in May 2012. It is likely that Plaintiff's transfer to Tamms several weeks later caused a breakdown in the process resulting in Plaintiff not receiving a timely response to his grievance. The Court does not find credible the claim by inmate White that counselor Eilts threw away the grievance.

In this case, through mistake or inadvertence, prison official failed to respond to Plaintiff's grievance thus making administrative remedies unavailable to him and excusing his failure to exhaust. The Court thereby re-asserts its Orders on Motion for Summary Judgment [ECF 44, 45] as to all defendants except ESCHELMAN. Plaintiff had admitted under oath that the grievance he filed September 27, 2012 was identical to the lost grievance of May 20, 2012.

7

The September 27th grievance identifies the other medical defendants, Tilden and Garlick, but does not name or otherwise identify Defendant ESCHELMAN. The grievance of September 25, 2012 similarly does not name or otherwise identify ESCHELMAN. When an inmate files a grievance it must contain "…factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Adm. Code Section 504.810 (b); *See also, Ambrose v. Godinez,* 510 Fed.Appx. 470, 472 (7th Cir. 2013) (finding that, where Plaintiff's grievances had not named two of the defendants, Plaintiff had failed to exhaust remedies as to those defendants and dismissal was proper.) The Court, based on evidence presented at the evidentiary hearing, AMENDS its Order [ECF 45] as to this Defendant and finds that Plaintiff did not attempt to exhaust his remedies as to ESCHELMAN.

**IT IS, THEREFORE, ORDERED:**

1) The DENIAL of Defendant ANDREW TILDEN, M.D's Motion for Summary Judgment on the issue of Exhaustion [ECF 44] is affirmed;

2) The DENIAL of Defendants' RICHARD ALLEN, JOHN BIRKEL, JAMES BLACKARD, JOHN GARLICK, EDWARD LEWIS, BRIAN MAIER, DALE SCROGUM, WILLIAM SHELTON, DEREK SMITH and GREGORY TANGMAN Motion for Summary Judgment on the issue of Exhaustion [ECF 45] is AFFIRMED except as to Defendant ESHELMAN;

3) The Court hereby AMENDS its Order on Motions for Summary Judgment [ECF 45] as to Defendant ESCHELMAN finding that plaintiff failed to exhaust his remedies as to this

Defendant. Summary Judgment on the issue of Exhaustion is GRANTED as to ESCHELMAN and the Clerk is directed to terminate her as a party in this case.

<u>September 19, 2014</u>     <u>  s/  Michael M. Mihm          </u>
ENTERED                  JUDGE MICHAEL M. MIHM
                         UNITED STATES DISTRICT JUDGE